PROB 12C
(6/16)

Report Date:  October 23, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Nathan Mountain Chief          Case Number: 0980 2:18CR00178-RMP-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: March 6, 2019

| | | | |
|---|---|---|---|
| Original Offense: | Escape from Custody, 18 U.S.C. §§ 751(a), 4082(a) | | |
| Original Sentence: | Prison - 6 Months;<br>TSR - 12 Months | Type of Supervision: Supervised Release | |
| Modified Sentence:<br>(May 18, 2020) | Prison - No time imposed;<br>TSR - 24 Months | | |
| Asst. U.S. Attorney: | George J.C. Jacobs, III | Date Supervision Commenced: May 17, 2019 | |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: May 16, 2022 | |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 6/30/2020, 7/7/2020, and 8/6/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |
| 7 | **Standard Condition #10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). |

**Supporting Evidence**: Mr. Nathan Mountain Chief is alleged to have violated mandatory condition number 1, and standard condition number 10, on or about October 17, 2020, with charges now being requested in Spokane County Superior Court for Burglary First Degree Commercial, in violation of R.C.W. 9A.52.020, a Class A felony; Assault in the Fourth Degree, in violation of R.C.W. 9A.36.041, a gross misdemeanor; Criminal Trespass in the First Degree, in violation of R.C.W 9A.52.070, a gross misdemeanor; Theft in the Third Degree - Shoplifting, in violation of R.C.W. 9A.56.050, a gross misdemeanor; and Dangerous Weapons, in violation of R.C.W. 9.41.250, a gross misdemeanor.

Prob12C
Re: Chief, Nathan Mountain
October 23, 2020
Page 2

On May 20, 2019, Mr. Chief signed his conditions relative to case number 2:18CR00178-RMP-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Chief was made aware by his U.S. probation officer that he was required to refrain from committing another federal, state or local crime and that he was to refrain from possessing or having access to a firearm or other dangerous weapons.

Specifically, and according to police reports received by the undersigned officer on October 19, 2020, on October 17, 2020, at approximately 12:11 p.m., a deputy with the Spokane County Sheriff's Office responded to a report of a burglary at Walmart located on East Sprague in Spokane. Business staff advised they had originally detained a suspect for shoplifting who had a prior issued trespassing notice lodged against him. The report notes the suspect was identified as Nathan Lee Mountain Chief, and dispatch subsequently confirmed the client's outstanding federal warrant given his current and pending alleged supervised release violations. The deputy was further advised by the reporting party that Mr. Chief had since assaulted an employee, was armed with a knife during the theft, and had forced his way out of the building.

At 12:19 p.m., the deputy arrived on scene and learned the following from business staff: at 10:30 a.m. on the day in question, Mr. Chief was observed in the men's apparel department of the store by loss prevention staff who were monitoring video surveillance. Mr. Chief was observed to be carrying a backpack and he selected several items of clothing, to include a pair of men's blue jeans that he concealed in his backpack, several white tank tops which he removed from their packaging and then placed in his sweatshirt, and then additionally some Swiss gloves, a Dickies t-shirt, and a bike tool kit, all of which he then concealed in his backpack. Mr. Chief then proceeded to the front registers where he selected a set of blue tooth headphones. Mr. Chief then proceeded past all points of sale, making no attempt to purchase or declare the concealed items.

Mr. Chief was subsequently contacted by loss prevention staff, at which time Mr. Chief was escorted back to the security office. Mr. Chief was instructed to remove all stolen items from his person, and Mr. Chief subsequently did so with the exception of the men's blue jeans. The amount of the stolen / recovered items was noted as being valued at $71.23. Mr. Chief additionally provided the loss prevention officer with his "U.S. Probation picture identification card" confirming his identity. While Mr. Chief was in the office, the loss prevention officer observed a "large 6-8 inch straight blade knife" sticking out of Mr. Chief's waistline, which had been concealed. The report notes the loss prevention officer then removed the weapon and set it on the table. The officer then called Crime Check to report the theft.

The reporting party then noted at that time Mr. Chief stood up, securing his knife and backpack which still contained 1 pair of men's blue jeans valued at $20, and pushed the general manager out of the way of the door. It should be noted that the general manager indicated Mr. Chief had in fact initially pushed her against the door, and then used the door to push her against the wall. The general manager advised of pain in her left shoulder and lower back, although did not present with visible injuries and did not require medical attention. Mr. Chief's identification was subsequently used to search prior incidents at which time a prior trespassing notice was located in which the client had been previously trespassed from the property for 99 years. Located with the trespassing notice was a copy of Mr. Chief's Washington picture identification card.

Prob12C
**Re: Chief, Nathan Mountain**
**October 23, 2020**
**Page 3**

The deputy subsequently reviewed the trespassing notice, surveillance footage and Mr. Chief's identification, in addition to taking staff statements, concluding that video surveillance corroborated witness testimony. The deputy was subsequently unable to locate Mr. Chief following the incident. The deputy's report concludes noting probable cause exists for the offenses as outlined and as alleged herein, and notes a charging document has been drafted and forwarded to the prosecutor's office.

Mr. Chief's whereabouts currently remain unknown.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  October 23, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[X]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[  ]    Defendant to appear before the Judge assigned to the case.
[ X ]   Defendant to appear before the Magistrate Judge.
[  ]    Other

Signature of Judicial Officer

10/20/2020

Date